Singh v. Holder

BIA
Abrams, IJ
A093 394 054

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand fourteen.

PRESENT:
      DENNIS JACOBS,
      ROBERT D. SACK,
      DENNY CHIN,
         *Circuit Judges.*

_____

HARJIT SINGH,
     *Petitioner,*

    v.                   13-2105
                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:     Joshua Bardavid, New York, New York.

FOR RESPONDENT:    Stuart F. Delery, Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Harjit Singh, a native and citizen of India, seeks review of a May 15, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") April 9, 2012, decision, pretermitting his asylum application and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Harjit Singh*, No. A093 394 054 (B.I.A. May 15, 2013), *aff'g* No. A093 394 054 (Immig. Ct. N.Y. City Apr. 9, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Singh does not challenge the pretermission of his asylum application, we address only withholding of removal and CAT relief.

For applications such as Singh's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167. Here, the IJ reasonably based the adverse credibility determination on Singh's admission that he lied at his 2008 hearing about how he traveled between Toronto and Vancouver prior to arriving in the United States, and related inconsistencies regarding his residence and travels in Canada.

Initially, Singh testified that he flew to Vancouver, but later admitted that he drove, completely repudiating extensive testimony at his first hearing.  He also provided

3

conflicting stories about who he lived with in Toronto and for how long. Singh's excuse, that he was told to lie, fails to describe the circumstances leading to the false testimony and therefore does not compel the conclusion that the IJ did not consider the excuse. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006) (explaining that the agency need not "expressly parse or refute on the record each and every one of [an applicant's] purported explanations for testimonial inconsistencies or evidentiary gaps"); *see also Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an IJ is not required to credit any plausible explanation, but only one a "fact-finder would be compelled to credit" (internal quotation marks and citation omitted)).

Although the IJ did not explicitly consider Singh's testimony regarding his past persecution, he did not err in relying primarily on Singh's admittedly false testimony about his life after fleeing India to deny the entire application. Under the doctrine of *falsus in uno, falsus in omnibus*, "a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe*

4

*v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). However, the doctrine "does not excuse assessment of evidence that is independently corroborated," and an adverse credibility determination based on false evidence relating to an ancillary matter must be otherwise supported by the totality of the circumstances. *Id.* Here, the IJ reasonably gave minimal weight to the only corroborating evidence Singh submitted, affidavits from his wife and a neighbor, because the authors were unavailable for cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to documentary evidence lies largely within agency's discretion); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from "relatives and friends," because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Accordingly, Singh's false testimony infected the balance of his claim because the incidents of alleged persecution were not sufficiently corroborated with evidence independent of the credibility issues. Taking the false statement, the additional unexplained inconsistencies, and the failure to corroborate the past persecution claim, together, the

5

totality of the circumstances supports the IJ's adverse credibility determination.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167.

The adverse credibility determination in this case necessarily precludes success on Singh's claims for both withholding of removal and CAT relief, because the only evidence of a threat to Singh's life or freedom, or likelihood of torture, depended upon his credibility.  *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk